763 So.2d 476 (2000)
VILLAGES AT MANGO KEY, etc., Appellant,
v.
HUNTER DEVELOPMENT, INC., Appellee.
Nos. 5D99-3083, 5D00-208.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
Rehearing Denied August 10, 2000.
*477 Donald E. Christopher, Joanne Reed Day, and Alan B. Taylor, of Litchford & Christopher, Orlando, for Appellant.
Ladd H. Fassett, and John A. Taylor, of Fassett, Anthony & Taylor, P.A., Orlando, for Appellee.
HARRIS, J.
The issue in this case is whether one who purchases an unplatted portion of a planned staged development following a foreclosure action against the developer with the intent to develop such unplatted property in a manner inconsistent with the original plan may nevertheless assert a voting interest in the homeowners' association established to manage the originally planned project. We hold that such a purchaser has no such right and reverse.
Vacation Villages of America, Inc. (VVA) purchased Tract A of Lindfields Unit Six which comprised 18.89 acres. It replatted a portion of this tract into The Villages at Mango Key consisting of thirty-three platted townhouse lots. An exhibit to the Declaration of Covenants and Restrictions reflected eighty-eight additional proposed lots in the unplatted portion of Tract A contiguous to the initial plat for future development as townhouse lots and, if so developed, to be incorporated into a single development covered by one homeowners' association. The platted portion was developed and sold and a homeowners' association was formed to oversee the development.
VVA fell on hard times and the unplatted portion of Tract A covering the property which was intended for future expansion of the Villages project went into foreclosure. The property was purchased out of foreclosure by BSLF II Westholme-Florida Corp. who sold it to Hunter Development who applied for and was approved to develop 236 condominium units on this and additional adjoining property owned by Hunter. Hunter, desiring to use the easements and amenities belonging to Villages at Mango Key, took the position that since it had purchased the property intended for future expansion of the Villages project which was tentatively planned for up to eighty-eight additional townhouse lots, it was entitled to eighty-eight votes (majority control) in its homeowners' association. We reject this proposition.
Hunter claims it is entitled to vote under the Class A voting rights contained in the Villages' Declaration:
Class A Members shall be every person or entity who is a record owner of a fee simple interest or undivided fee simple interest in any Lot ... Class A members shall be entitled to one vote for each Lot....
Hunter relies on the definition of "lot" contained in the Declaration:
"Lot" shall mean and refer to any plot of land on which a Living Unit may be constructed as shown on any recorded *478 subdivision map of the Property or which may hereafter be platted or otherwise created....
"Living Unit" is defined as a "townhouse residence."
Obviously, the voting provision refers to lots in the Villages development either as originally platted or as subsequently added to the project. The attachment to the Declaration showing the intended development of the Villages project is not "a recorded subdivision map" sufficient to grant voting rights. One may not purchase a lot based on such attachment. There is no way to adequately describe a particular lot from the attachment in order to create a legal description. By the terms of the Declaration, the attached exhibit is not intended to be a fixed subdivision map; it was not intended to be final either as to number or location of the proposed lots (although the entire project may not exceed 126 living units) or proposed amenities. It is merely an attachment of the depiction of a proposed plan to a recorded declaration. Further, Hunter is not the "fee simple" owner of a "townhouse" lot; it is at best the fee simple owner of acreage which may or may not be developed into townhouse lots. Here, the proposed addition to the Villages townhouse project was abandoned in favor of a much larger condominium project. This reveals most convincingly that the foreclosure of the Developer's interest in the property released the unplatted land from the Developer's proposed expansion of the Villages project.
By purchasing unplatted acreage no longer committed to the Villages project, Hunter did not acquire "lots" in The Villages at Mango Key and has no voting rights in its homeowners' association or any interests in its property.
REVERSED with directions to proceed in accordance with this opinion.
DAUKSCH and COBB, JJ., concur.